

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-93,904-01

### EX PARTE JEREMY WARREN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W20-00088-K(A) IN THE CRIMINAL DISTRICT COURT NO. 4
### DALLAS COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

While I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time appeal, I feel compelled to write separately to yet again emphasize that it is *trial* counsel's duty (not appellate counsel's) to file a notice of appeal when his client expresses a desire to appeal. This issue underlies far too many ineffective-assistance-of-counsel cases before us and is a troubling sign that many trial attorneys are either unaware of, or are neglecting, their responsibilities in this regard.

In August 2021, a jury found Applicant guilty of murder[1] and he received a sentence of 60 years' imprisonment. Following the conviction, the court certified Applicant's right to appeal. However, no notice of appeal was ever filed.

In his writ application, Applicant alleges that, shortly after sentencing, he informed trial counsel of his desire to appeal the conviction. Applicant alleges that trial counsel promised that a notice of appeal would be filed and showed Applicant a document that said "right to appeal." Applicant asked if this was for his appeal, and trial counsel affirmed that it was. On August 31, 2021, Applicant's sister, Jamaya Warren, had the following exchange with trial counsel over a series of text messages:

| | |
|---|---|
| Jamaya: | Good morning [Applicant] said[sic] did you put the appeal in |
| Counsel: | I'm not the person who puts the appeal in. A notice will get filed, [and] they will appoint an appeal lawyer . . . |
| Jamaya: | Ok so was the notice was[sic] filed because he said he signed some papers for an appeal that you brought |
| Counsel: | The papers he signed said he has the right to appeal. They will appoint someone I will call y'all to explain later today |

This exchange occurred within the 30-day filing period for the notice of appeal. Approximately five months later, in January 2022, Applicant's family contacted habeas counsel for assistance. Habeas counsel notified them that no notice of appeal had been filed. This postconviction writ of habeas corpus followed.

In response to the allegations, trial counsel filed an extremely brief affidavit:

On speaking with [Applicant], he asked if I did appeals, I informed [Applicant] that I did not do appeals. [Applicant] indicated that he was not interested in doing an appeal, with that said I felt there was no need for filing a notice of appeal. That completed our conversation regarding appeals.

---

[1] TEX. PENAL CODE § 19.02.

Not only is trial counsel's statement contrary to the affidavits of Applicant and his sister, but it is also at odds with the text-message exchange between trial counsel and Applicant's sister. Trial counsel fails to address this issue in his affidavit. The text messages clearly reflect that counsel was well aware of Applicant's desire to appeal, that he believed a notice of appeal would "get filed," and that he further believed an appellate attorney would be appointed to represent Applicant on appeal.[2]

While trial counsel does not expressly assert that he did not have a duty to file a notice of appeal, his behavior and representations to Applicant's sister suggest that he believed that appellate counsel would handle the filing of the notice of appeal. However, we have repeatedly explained that filing the notice of appeal is one of several obligations that *trial* counsel must fulfill at the conclusion of his representation. *See, e.g., Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) ("[T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning [the] meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal."); *see also Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (stating that "[i]f the defendant decides to appeal, the [trial] attorney must ensure that written notice of appeal is

---

[2] I briefly emphasize trial counsel's duty of candor to the Court. Tex. Disciplinary Rules Prof'l Conduct R. 3.03(a)(1) ("A lawyer shall not knowingly[] make a false statement of material fact . . . to a tribunal.").

filed with the trial court"). We have also instructed that, if trial counsel will not be representing the defendant on appeal, he should submit his motion to withdraw simultaneously alongside the defendant's signed *pro se* notice of appeal. *See Jones*, 98 S.W.3d at 703 ("A contemporaneous presentation of the pro se notice [of appeal] with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal."). Yet, in spite of these admonitions, too frequently attorneys are failing to fulfill these obligations at the conclusion of their representation, resulting in harm to their clients who are then prevented from pursuing appellate review of their convictions.

In addition to depriving Applicant of his right to pursue a direct appeal, counsel's error has also now resulted in the habeas court and this Court having to expend resources to undo the effects of counsel's mistake. Thus, this case serves as yet another reminder that trial counsel's duties at the conclusion of the proceedings—including filing a motion for new trial, if any; filing a timely notice of appeal; filing a motion to withdraw if counsel will not be completing the appeal; and advising the client on the next steps to pursue an appeal if desired—are all critical for ensuring that a defendant's right to appeal is properly preserved.[3] Failure to fulfill these obligations is not only unprofessional and unfair to

---

[3] *See* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)-(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, *including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal.* Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or

clients, but it also wastes judicial resources by spawning the type of corrective postconviction litigation before us here. I recognize that we are all human beings who make mistakes, but this type of error can no longer be considered a simple mistake given the number of times this Court has addressed this very issue—it is borderline willful ignorance of an attorney's necessary obligations to his clients. Because of the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to yet again bring attention to this issue so that attorneys may continue to be reminded of the effect of failing to stay on top of their responsibilities and take steps to prevent such problems from arising in the future.[4, 5]

With these comments, I join the Court's opinion granting Applicant relief.

Filed: May 31, 2023

Publish

---

whether a lawyer specializing in appellate work should be consulted, added or substituted.") (emphasis added).

[4] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). My hope is that attorneys will implement practices that spur them to regularly check on the status of their cases so that they may fulfill their duty to meet important filing deadlines for their clients.

[5] More generally, I also note here that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id*. R. 1.01(b)(1). Ultimately, trial counsel's failure to adequately communicate with clients about the appeals process is unfair to clients and falls short of the standard for professionalism set forth in the disciplinary rules.